# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

JUL 2 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

| | |
|---|---|
| HARRELL L. JOHNSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 07-294-RAW-SPS |
| ) | |
| JOHNNY CANNON and ) | |
| BOB COLBERT, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the court on the defendants' motion for judgment on the pleadings. The court has before it for consideration plaintiff's complaint [Docket #1], his affidavit [Docket #16] and brief in support [Docket #31], the pending motion [Docket #39], plaintiff's response [Docket #42], and defendant's reply [Docket #44]. Plaintiff, an inmate in the custody of the Missouri Department of Corrections who is incarcerated at Potosi Correctional Center in Mineral Point, Missouri, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration in Oklahoma. The defendants are former Wagoner County Sheriff Johnny Cannon, in his individual capacity, and current Wagoner County Sheriff Bob Colbert, in his official capacity.[1]

Plaintiff alleges that on May 2, 2005, he was arrested by the Muskogee County, Oklahoma, Police Department on a warrant from Wagoner County, Oklahoma. On May 3,

---

[1] Defendant Bob Colbert, as Defendant Johnny Cannon's successor in office, was substituted for Defendant Cannon in his official capacity [Docket #47].

2005, former Wagoner County Sheriff Johnny Cannon transported him from the Muskogee County Jail to the Wagoner County Jail, where he was processed. Plaintiff appeared before a Wagoner County district judge who advised him of the charges of False Personation, Operating a Motor Vehicle without a Valid Driver's License, and Public Intoxication. The judge then set plaintiff's bond. On May 4, 2005, he was returned to the "no warrant" County of Muskogee, where he was questioned about an uncharged murder.

Plaintiff claims in Count I of his complaint that his release to Muskogee County was an "illegal seizure," because Sheriff Cannon released him to a county that had no arrest warrant. In Count II he asserts the process caused him to lose his ability to address the Wagoner County charges, because he was not able to bond out. He alleges in Count III that his release to Muskogee County deprived him of the option of consulting with an attorney to resolve the Wagoner County charges.

The defendants have moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) and Local Civil Rule 7.1. The standards for this motion are the same as for motions to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006). All facts pleaded by the non-moving party are accepted as true, and all reasonable inferences from the pleadings are made in favor of the non-moving party. *Id.* "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Id.* (quoting *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

2

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007). . . . "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schnieder*, 493 F.3d 1174, 1177 (10th Cir. 2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (emphasis omitted).

**Defendant Bob Colbert, in his official capacity**

Defendant Sheriff Bob Colbert alleges plaintiff has failed to state a claim against him in his official capacity. An official-capacity suit brought under § 1983 "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent,'" and as long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

> To establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights. *Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000). That is, "'a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993) (quoting *Monell*, 436 U.S. at 691).

*Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009).

Here, the court finds plaintiff has failed to allege any policy, procedure, or custom of

Wagoner County that resulted in a violation of his constitutional rights. Therefore, plaintiff has failed to state a claim against Defendant Sheriff Bob Colbert, in his official capacity.

**Defendant Johnny Cannon, in his individual capacity**

Defendant Johnny Cannon, in his individual capacity, alleges he is entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In order for the law to be clearly established, 'there must be a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits must have found the law to be as the plaintiff maintains.'" *Murrell v. School Dist. No. 1, Denver*, 186 F.3d 1238, 1251 (10th Cir.1999) (quoting *Medina v. City and County of Denver, Colo.*, 960 F.2d 1493, 1498 (10th Cir. 1992)).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court mandated a two-step procedure for resolving government officials' qualified immunity claims. The court was required to decide (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* at 201-02. The Court recently reconsidered *Saucier* in *Pearson v. Callahan*, ___ U.S. ___, 129 S.Ct. 808 (2009), and held its rigid procedures no longer should be regarded as mandatory in all cases. 129 S.Ct. at 818. "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis

4

should be addressed first in light of the circumstances in the particular case at hand." *Id.*

Plaintiff alleges in his complaint that the Wagoner County Sheriff violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. He claims he wrongfully was released from the defendant's custody to the custody of another county that had no warrant for his arrest, so he could be interrogated about an unrelated criminal investigation. He has presented, however, no authority that the defendant's acts violated his federal constitutional rights. Although plaintiff cites *People v. Hunt*, 886 N.E.2d 409 (Ill. App. Ct. 2008), (*aff'd in part and rev'd in part*, ___ N.E. ___, 2009 WL 1578529 (Ill. June 4, 2009)), and *Cooper v. Elrod*, 622 F.Supp. 373 (N.D. Ill. 1985), in support of his claims regarding the transfer to Muskogee County, the court finds these state court cases are not sufficient to demonstrate the law regarding plaintiff's allegations is clearly established. Because plaintiff has failed to demonstrate that the law regarding his allegations is clearly established at the time of the alleged misconduct by the sheriff, Defendant Johnny Cannon is entitled to qualified immunity in his individual capacity.

**ACCORDINGLY,** the defendants' motion for judgment on the pleadings [Docket #39] is GRANTED, and this action is, in all respects, DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** this 2nd day of July 2009.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**